AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____ Nevada _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| GUY MADMON | Case Number: CR-S-02-0405-KJD(RJJ) |
| | USM Number: 37151-048 |
| | Karen Winckler, appointed |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 and 2 of the indictment _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| USC §846, §841(a)(1) and §841(b)(1)(C) | Conspiracy to Possess with Intent to Distribute and to distribute 3,4,methylenedioxymethamphetamine (MDMA) | 7/9/02 | 1 |
| USC §841(a)(1) & 841(b)(1)(C) | Possession with Intent to Distribute a Controlled Substance | 7/9/02 | 2 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)   remaining counts _____    ☐ is    x  are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FILED _____ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 17 2004

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

June 4, 2004
Date of Imposition of Judgment

_____
Signature of Judge

KENT J. DAWSON, U.S. DISTRICT JUDGE
Name and Title of Judge

June ____, 2004
Date

218

245B    (Rev. 12/03) Judgment in Criminal Ca...
    Sheet 2 — Imprisonment

Judgment — Page   2   of    7

EFENDANT:        GUY MADMON
ASE NUMBER:    CR-S-02-0405-KJD(RJJ)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
otal term of:

7 MONTHS as to Counts 1 and 2, to be served concurrently with the sentence imposed in CR-S-03-163-
JD(RJJ).

X    The court makes the following recommendations to the Bureau of Prisons:

    that the defendant's citizenship status be determined forthwith by the Bureau of Prisons; that he be incarcerated at either
    Otisville,NY or Fort Dix, NY; that he be allowed to participate in an intensive drug treatment program while incarcerated.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐   at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on  _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

have executed this judgment as follows:

Defendant delivered on  _____  to  _____

_____ , with a certified copy of this judgment.

                                _____
                                        UNITED STATES MARSHAL

                    By  _____

                                     DEPUTY UNITED STATES MARSHAL

245B     (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 --- Supervised Release

| | Judgment—Page | 3 | of | 7 |
| --- | --- | --- | --- | --- |

DEFENDANT:        GUY MADMON
CASE NUMBER:     CR-S-02-0405-KJD(RJJ)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)     the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependents and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)     the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:        GUY MADMON
CASE NUMBER:      CR-S-02-0405-KJD(RJJ)

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. You shall submit to the search of your person, property, or automobile under your control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

3. You shall participate in and successfully complete a substance abuse treatment program, which will include drug testing, outpatient counseling, or residential placement, as approved and directed by the probation officer. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer based upon your ability to pay.

245B    (Rev. 12/03) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __7__

DEFENDANT:        GUY MADMON
CASE NUMBER:     CR-S-02-0405-KJD(RJJ)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

245B     (Rev. 12/03) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page    6    of    _____

DEFENDANT:          GUY MADMON
CASE NUMBER:        CR-S-02-0405-KJD(RJJ)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ☒   Lump sum payment of $ __200.00__ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance   ☐ C,  ☐ D,  ☐  E, or  ☐ F below; or

B    ☐   Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E    ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
    the property outlined in the order of forfeiture (attached.)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 12/03) Judgment in a Criminal
Sheet 7 — Denial of Federal Benefits

| | Judgment — Page | 7 | of | 7 |
|---|---|---|---|---|

DEFENDANT:     GUY MADMON
CASE NUMBER:     CR-S-02-405-KJD(RJJ)

# DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

☒ ineligible for all federal benefits for a period of      5 years                        .

☐ ineligible for the following federal benefits for a period of      _____ .

(specify benefit(s))      _____

_____

_____

# OR

☐ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS
ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of      _____ .

☐ be ineligible for the following federal benefits for a period of      _____ .

(specify benefit(s))      _____

_____

☐    successfully complete a drug testing and treatment program.

☐    perform community service, as specified in the probation and supervised release portion of this judgment.

☐    Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT
IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this
judgment as a requirement for the reinstatement of eligibility for federal benefits.

        Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health,
disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required
for eligibility.  The clerk is responsible for sending a copy of this page and the first page of this judgment to:

        **U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**

FILED ___RECEIVED
___ENTERED___SERVED ON
COUNSEL/PARTIES OF RECORD

2004 JUN -4 P 12: 40

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,
)
)    CR-S-02-0405-KJD-(RJJ)
Plaintiff,
)
)
v.
)
)
GUY MADMON,
)
)
Defendant.
)

## ORDER OF FORFEITURE

WHEREAS, on April 4, 2003, Defendant GUY MADMON pled guilty to Counts One and Two of an Indictment and Count One of an Information charging him with Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Structuring Transactions to Evade Reporting Requirements in violation of 31 U.S.C. § 5324(a)(3) and (d)(1) and 31 C.F.R. 103.22, and agreed to forfeit the property set forth in Count Twenty-Three of the Indictment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America and shall be disposed of according to law:

        a.     all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the conspiracy to violate 21 U.S.C. §§ 846 and 841, up to $1,000,000.00 in United States Currency; and

     b.    all right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States Marshals Service shall forthwith seize the above-described forfeited property and dispose of it in accordance with the law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States Marshals Service's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

2